STATE FUNDING CORPORATION, Plaintiff, *v.* ROBERT F. LITTLEJOHN et al., Defendants.

Supreme Court, Special Term, Queens County, July 30, 1962.

*Edgar Levy* for plaintiff. *Joseph P. Hoey, United States Attorney* (*Edwin Roy Eisen* of counsel), for United States of America, defendant.

LESTER HOLTZMAN, J. Motion by the plaintiff to confirm the report of the Referee and for judgment of foreclosure and sale.

The United States Attorney opposes the motion to the extent of requesting that the judgment direct sale of the property free and clear of all liens and, further, upon distribution of the proceeds, that the Federal liens be given priority over all subsequent accruing liens or, in the alternative, that the proceeds be held subject to the further order of the court, pending final decision by the United States Supreme Court in *Buffalo Sav. Bank* v. *Victory* (11 N Y 2d 31).

It appears that the plaintiff's assignor paid the real estate taxes due upon the subject property prior to the institution of the action. Such payments were made pursuant to the terms of the mortgage which provides, in effect, that upon default in the payment of real estate taxes by the mortgagor, the mortgagee may make such payments and the amounts so paid shall be added to the debt secured by the mortgage and shall be a lien on the premises prior to any other liens attaching or accruing subsequent to the lien of the mortgage. The mortgage is dated prior to the date of the lien of the United States.

In *Buffalo Sav. Bank* v. *Victory* (*supra,* pp. 34–35) the Court of Appeals found that a " Federal tax lien is not entitled to priority over subsequently accrued local tax liens — superior to the mortgage debt — since the respective liens are not comparable charges on real property and the ' mortgagee ' has an absolute preference over Federal liens."

The *Buffalo* case differs from the instant one in that the local real estate taxes had not been paid by the mortgagee. The opinion of the court and the dissenting opinion seem to indicate, however, that the court intended that its decision would extend to cases where the mortgagee paid the local real estate taxes in order to protect its interest in the property. BURKE, J., writing for the majority, states at page 43 that:

" The logic of the respondent appears to be as circular as the type of priority that it would have this court stamp with approval. The procedure that it proposes is novel to this State. Were local taxes not owing upon the land, the United States could not, through its own admissions, compel the creation of a surplus in which its lien would share with the judgment credi-

tors. Is it logical that the Federal Government should be entitled to compel the mortgagee to treat the amount of real estate taxes subsequently accruing as a surplus to be applied toward payment of the Federal lien?

'' To accede to this attempt to foist the personal debts of the mortgagor owing to the United States on the mortgagee is to agree to the imposition of an indirect tax on savings banks who have invested billions of dollars in mortgages and on the savings of our citizens invested in mortgages which have been accorded a preference even under Federal law (U. S. Code, tit. 26, § 6323, subd. [a]). If the preference is to be whittled down, it should be done explicitly by a statute enacted by the representatives of the States in the national Congress and not by the courts.''

At page 50, in his dissenting opinion, FULD, J., states that '' The majority opinion has placed the contest in its proper setting. The dispute is between the mortgagee and the Federal Government as a creditor of the mortgagor. The local taxing authorities will be paid at the expense of the mortgagee so there will be no adverse economic impact upon the taxing authorities.'' The motion is granted in all respects.